IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BELL TEXTRON INC., | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:25-cv-156 |
| | § | |
| v. | § | |
| | § | |
| ISLAMIC REPUBLIC OF IRAN, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Bell Textron Inc. ("Bell") sues Defendant Islamic Republic of Iran ("Iran") as follows:

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1605, 1330(a), and 1332(a)(4) because Iran is a foreign state as defined in section 1603(a) of the Foreign Sovereign Immunities Act and because the claim falls within the commercial activity exception to immunity. *See* 28 U.S.C. § 1603(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(f)(2) because a substantial part of the events or omissions giving rise to Bell's claim occurred in the Northern District of Texas, Fort Worth Division and because a substantial part of the property that is the subject of this action is situated in the Northern District of Texas, Fort Worth Division.

3. Bell is a Delaware corporation with its principal place of business in Fort Worth, Texas.

4. Iran may be served in accordance with the terms of the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1605 and under the service provision of 28 U.S.C. § 1608(a)(3) or (a)(4).

5. Prior to the Iranian revolution in 1979, the Imperial State of Iran was a customer of Bell. Bell had possession of helicopters, equipment, and materials that were the property of that government.

6. Subsequently, the Islamic Republic of Iran claimed title and ownership to the property of the Imperial government located in the United States, including property in the possession of Bell (the "Equipment"). These claims were the subject of litigation between the parties before the Court of Arbitration, International Chamber of Commerce (the "ICC").

7. In 1994, Bell and Iran entered into a Settlement Agreement whereby Bell agreed to store the Equipment for up to five years. When Bell's five-year obligation under the Settlement Agreement neared its end in early 1999, the parties entered into a Storage Agreement whereby Bell agreed to arrange for the continued storage of the Equipment for an additional two-year period, ending May 3, 2001. This storage agreement was subsequently renewed several times, extending Bell's agreement to continue to store the Equipment through May 4, 2009 at an annual rate of $48,000. Iran's last payment to Bell covered storage fees through May 2009 and Iran has not paid storage since that time. Bell has been storing Iran's property for the past 16 years without payment from Iran.

16. Bell has made repeated demand from Iran to pay the accumulated storage fees and to (1) arrange to pay for shipment of the Equipment to an approved US Government facility for the storage of blocked Iranian assets in the United States or (2) to allow Bell to liquidate the Equipment, reimburse itself for the storage costs and costs of sale, and place any remaining proceeds into a blocked account for Iran's benefit. Iran has responded to these demands, representing it would transfer the Equipment to a storage facility in Baltimore, Maryland, and that it was paying all storage fees owed to Bell; to date, however, Iran has failed to do either or to confirm Bell's authority to liquidate the Equipment.

17. Iran has never repudiated its agreement to pay Bell storage costs or denied its obligation to pay storage fees to Bell.

## FIRST CAUSE OF ACTION -- QUANTUM MERUIT

26. Bell provided valuable services to Iran.

27. Iran accepted the services and had reasonable notice that Bell expected to be compensated.

28. As a result of Iran's failure to pay Bell for the services, Bell is entitled to recover an amount of at least One Million, Six Hundred Seventy-Seven Thousand, Three Hundred Forty-Six Dollars ($1,677,346), which is the reasonable value of the services to date.

## SECOND CAUSE OF ACTION - PROMISSORY ESTOPPEL

29. After Bell's contractual obligation to continue to store the Equipment terminated in May 2009, Iran repeatedly represented to Bell that it would transfer the Equipment to a storage facility in Baltimore, Maryland that that it would pay the past due storage fees it owed to Bell.

30. In reliance on Iran's representations, Bell continued to store the Equipment while anticipating its removal and payment by Iran of all accrued, and accruing, storage fees. Bell also waited in reliance on Iran's promise to confirm Bell's authority to liquidate the Equipment.

31. Bell reasonably and substantially relied on Iran's representations to its detriment.

32. As a result of Iran's failure to keep its promise, Bell has been damaged by continuing to incur costs associated with storing the Equipment, resulting in a loss to Bell of at least One Million, Six Hundred Seventy-Seven Thousand, Three Hundred Forty-Six Dollars ($1,677,346), which is the reasonable value of the services to date.

33. Injustice can be avoided only by enforcing Iran's promises (1) to pay all accumulated storage fees owed to Bell and transfer the Equipment to another US government authorized storage facility and to pay the costs associated therewith and (2) to authorize Bell to liquidate the Equipment, reimburse itself for the storage costs and costs of sale, and place any remaining proceeds into a blocked account for Iran's benefit.

**THIRD CAUSE OF ACTION – INTENTIONAL MISREPRESENTATION**

34. After Bell's contractual obligation to continue to store the Equipment terminated in May 2009, Iran made material, false representations to Bell. Specifically, Iran repeatedly affirmatively assured Bell that it was transferring the Equipment and that all outstanding storage payments owed to Bell were forthcoming.

35. Iran made the above representations knowing at the time that they were false.

36. Iran made these representations with the intent that Bell act in reliance on the representations.

37. Bell relied on Iran's false representations, resulting in injury to Bell as follows: storage costs for the Equipment and administrative fees associated therewith for the period of time from May 1, 2007 through the present, an amount totaling One Million, Six Hundred Seventy-Seven Thousand, Three Hundred Forty-Six Dollars ($1,677,346), which is the reasonable value of the services to date.

**FOURTH CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION**

38. After Bell's contractual obligation to continue to store the Equipment terminated in May 2009, Iran made material, false representations to Bell. Specifically, Iran repeatedly affirmatively assured Bell that it was transferring the Equipment and that all outstanding storage payments owed to Bell were forthcoming.

39. Iran made the above representations recklessly, as positive assertions, and without knowledge of their truth.

40. Iran made these representations with the intent that Bell act in reliance on the representations.

41. Bell reasonably and actually relied on Iran's false representations, resulting in injury to Bell as follows: storage costs for the Equipment and administrative fees associated therewith for the period of time from May 1, 2007 through the present, an amount totaling One Million, Six Hundred Seventy-Seven Thousand, Three Hundred Forty-Six Dollars ($1,677,346), which is the reasonable value of the services to date.

Bell therefore prays for judgment against Iran for:

a. actual damages in the amount of no less than One Million, Six Hundred Seventy-Seven Thousand, Three Hundred Forty-Six Dollars ($1,677,346);

b. equitable relief allowing Bell to liquidate the Equipment and reimburse itself the amount of no less than One Million, Six Hundred Seventy-Seven Thousand, Three Hundred Forty-Six Dollars ($1,677,346);

c. attorney's fees under Texas Civil Practice and Remedies Code § 38.001(b)(1);

d. prejudgment interest, post-judgment interest; and

e. such other relief to which it may be entitled.

/s/ *Wayne L. Robbins, Jr.*
Wayne L. Robbins, Jr.
Texas Bar No. 24040356
WLR@RobbinsTravis.com
Lauren M. Lockett
Texas Bar No. 24013886
LML@RobbinsTravis.com
Robbins Travis PLLC
2485 E. Southlake Boulevard, Suite 160
Southlake, TX 76092
(817) 918-2300 Telephone
(817) 458-0414 Fax

**COUNSEL FOR PLAINTIFF
BELL TEXTRON INC.**